IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RONALD PAUL ZARNICK,                    )
                                        )
                Plaintiff,              )
                                        )
        vs.                             )     Civil Action No. 10-1232
                                        )
MICHAEL J. ASTRUE,                      )
Commissioner of Social                  )
Security,                               )
                                        )
                Defendant.              )

MEMORANDUM

Gary L. Lancaster,
Chief Judge.                                 September  6  , 2011

        This is an appeal from the final decision of the

Commissioner of Social Security denying plaintiff's claim for

disability insurance benefits ("DIB") and supplemental security

income benefits ("SSI") under Titles II and XVI of the Social

Security Act ("Act"), 42 U.S.C. § 405, et seq.; 42 U.S.C. §

1381, et seq.  Plaintiff, Ronald Zarnick, alleges that the court

should reverse the decision of the Administrative Law Judge

("ALJ") and award his benefits because he is disabled due to

hepatitis C, depression, and musculoskeletal pain following a

motorcycle accident.  The parties have filed cross-motions for

summary judgment.

        Mr. Zarnick argues that the ALJ erred in finding that

his conditions of depression and musculoskeletal impairments

were non-severe.  Mr. Zarnick also claims that the ALJ failed to

rely on the vocational expert's testimony that no jobs would exist for someone who had to lie down periodically for a third of the day.   Defendant contends that there is substantial evidence to support the ALJ's ultimate conclusion that Mr. Zarnick is not disabled under the Act.   According to defendant, the ALJ properly evaluated and considered Mr. Zarnick's depression and musculoskeletal issues and properly addressed the vocational expert's findings.

Based on the evidence of record and the briefs filed in support of each party's motion for summary judgment, the court concludes that substantial evidence supports the Commissioner's finding that Mr. Zarnick is not disabled.

I.     BACKGROUND

Mr. Zarnick protectively applied for DIB and SSI benefits on November 19, 2007 alleging disability as of January 1, 2005.   These claims were administratively denied on April 7, 2008.   Mr. Zarnick responded by filing a written request for a hearing.   On January 26, 2009, a hearing was held in Mars, Pennsylvania before ALJ David G. Hatfield.   Mr. Zarnick appeared and testified at the hearing.   George J. Starosta, an impartial vocational expert, also testified at the hearing.   In a decision dated May 19, 2009, the ALJ determined that Mr. Zarnick was not disabled within the meaning of the Act.   On July 20, 2010 the Appeals Council denied Mr. Zarnick's request for review thereby

making the ALJ's decision the final decision of the Commissioner. Mr. Zarnick commenced this action on September 17, 2010, seeking judicial review of the Commissioner's decision. Mr. Zarnick and the Commissioner filed motions for summary judgment on January 27, 2011 and February 25, 2011, respectively.

II.    STANDARD OF REVIEW

Where the Commissioner's findings are supported by substantial evidence, we must affirm. Richardson v. Perales, 402 U.S. 389 (1971); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); see also Welch v. Heckler, 808 F.2d 264, 266-267 (3d Cir. 1988) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal district court may neither reweigh the evidence, nor reverse the Administrative Law Judge merely because it would have decided the claim differently). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Pierce v. Underwood, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). As long as the Commissioner's decision is support by substantial evidence, it cannot be set aside even if the court "would have decided the

3

factual inquiry differently." <u>Hartranft v. Apfel</u>, 181 F.3d 358, 360 (3d Cir. 1999).

   III.   <u>DISCUSSION</u>

      The ALJ first determined that Mr. Zarnick had not engaged in substantial gainful activity after his alleged onset date.   The ALJ then determined that Mr. Zarnick had the following severe impairments:   chronic obstructive pulmonary disease; hepatitis C; and a history of alcohol abuse.   The ALJ considered Mr. Zarnick's other reported impairments involving depression, dislocated vertebrae, shoulder arthritis, and acid reflux to be non-severe.

      The ALJ assessed Mr. Zarnick's residual functional capacity as follows:   "the claimant has the residual functional capacity to perform light work as defined by 20 CFR 404.1567(b) and 416.967(b) except he must avoid dust, fumes, and chemicals on the job site.   He is limited to simple, routine work, with little changes in the work setting."

      In determining Mr. Zarnick's residual functional capacity, the ALJ gave full and appropriate consideration to the claimed impairments involving Mr. Zarnick's musculoskeletal issues and depression.   The ALJ's determination that Mr. Zarnick's musculoskeletal impairments and depression were non-severe was supported by substantial evidence.   With regard to Mr. Zarnick's alleged musculoskeletal impairments due to a

motorcycle accident, the ALJ based his finding on the report of consulting physician Dr. Samual Han.

Dr. Han examined the plaintiff on February 21, 2008 and found that Mr. Zarnick had no evidence of permanent neurological damage from the motorcycle accident, no inflammatory joint disease, and no active inflammation. The opinion of a consulting physician is substantial evidence upon which an ALJ can base his or her conclusion. Alford v. Secretary of U.S. Dept. of Health and Human Services, 934 F.Supp. 134, 137 (D.N.J. 1995) (citing Richardson, 402 U.S. at 402).

We also note with regard to Mr. Zarnick's alleged musculoskeletal impairments that the ALJ considered other objective evidence. First, Mr. Zarnick returned to the work force and held several jobs including laborer and cook positions after the accident. Second, Mr. Zarnick stated that he stopped working his most recent job because he lacked transportation and not because of his injuries from the motorcycle accident.

With regard to Mr. Zarnick's alleged depression, the ALJ based his findings on consulting physician Dr. T. David Newman's report after his psychological examination of Mr. Zarnick. Dr. Newman reported that Mr. Zarnick had no limitations regarding appropriate interaction with others, understanding and remembering instructions, and responding

5

appropriately to work pressures in a usual work setting.   Dr. Newman concluded that any mental limitations Mr. Zarnick may have are a result of his dependence on alcohol.   Moreover, the ALJ considered objective evidence involving Mr. Zarnick's denial that he had any mental disorders and his refusal of all medication and treatment.   Substantial evidence exists to support the ALJ's conclusion that Mr. Zarnick's depression was non-severe.

With regard to Mr. Zarnick's claim that the ALJ failed to rely on the vocational expert's testimony that no jobs would exist for someone who had to lie down periodically for a third of the day, the court finds that the ALJ was not required to include all limitations asserted by Mr. Zarnick, but only those limitations that are credibly established and supported by evidence.   Rutherford v. Barnhart, 399 F.3d 546, 554 (3d Cir. 2005).   The ALJ properly rejected Mr. Zarnick's need to lie down for a third of the work day based upon substantial medical and objective evidence that Mr. Zarnick does not require such an accommodation.

IV.   CONCLUSION

Based upon the foregoing reasons, we affirm the decision of the ALJ denying plaintiff's application for disability insurance benefits and supplemental security income.

An appropriate order follows.

6

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RONALD PAUL ZARNICK,          )
                              )
          Plaintiff,          )
                              )
     vs.                      )     Civil Action No. 10-1232
                              )
MICHAEL J. ASTRUE,            )
Commissioner of Social        )
Security,                     )
                              )
          Defendant.          )

ORDER

AND NOW, this 6th day of September, 2011, IT IS HEREBY ORDERED that plaintiff's motion for summary judgment [Doc. No. 9] is DENIED and defendant's motion for summary judgment [Doc. No. 11] is GRANTED.

IT IS FURTHER ORDERED that final judgment in this court is entered pursuant to Rule 58 of the Federal Rules of Civil Procedure and the Clerk of Court is directed to mark this case closed.

BY THE COURT:

_____, C.J.

cc:  All Counsel of Record